UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TLE Marketing Corporation,

      Plaintiff,

v.                                                                                    Civil No. 17-CV-3812 (JNE/DTS)
**ORDER**

WBM, LLC,

      Defendant.

This case is before the Court on the motion of Defendant WBM, LLC ("WBM") to transfer venue pursuant to 28 U.S.C. § 1404(a) (2012). Plaintiff TLE Marketing Corporation ("TLE Marketing") opposes the transfer. For the reasons set forth below, the Court grants the motion to transfer venue to the United States District Court for the District of New Jersey.

## BACKGROUND

TLE Marketing is an independent sales agency that markets and sells the products of manufacturers and importers. TLE Marketing Br. 3, ECF No. 16. WBM develops, imports, and markets "various distinctive lines and brands of products." WBM Br. 2, ECF No. 9. In 2007, WBM and TLE Marketing signed a sales representative contract providing that TLE Marketing would sell WBM's products. *Id.*; TLE Marketing Br. 3. This arrangement continued for roughly ten years. The contract most recently entered contains a forum-selection clause stipulating that

> [a]ll disputes under this Agreement shall be resolved by litigation in the Courts of the State of New Jersey including the federal courts therein and the parties consent

1

> to the jurisdiction of such courts, agree to accept service of process by mail, and waive any jurisdictional or venue defenses otherwise available to it.

Decl. of Nafees Anjum Ex. A at 10, ¶ 7.3, ECF No. 10-1.

In June of 2017, WBM terminated the contract. WBM Br. 3; TLE Marketing Br. 6; Compl. ¶ 15, ECF No. 1-1. TLE Marketing then filed a complaint in Minnesota asserting claims for breach of contract, wrongful termination in violation of Minn. Stat. § 325E.37, and failure to pay commissions in violation of Minn. Stat. § 325E.37 and § 181.145. Compl. ¶¶ 19-44. After filing an answer and counterclaim, WBM moved to transfer venue to the United States District Court for the District of New Jersey. ECF No. 7. WBM contends that the above forum-selection clause requires transfer. WBM Br. 1-2. TLE Marketing insists that the forum-selection clause is "void, as against Minnesota public policy," and, therefore, the Court should deny the motion to transfer. TLE Marketing Br. 1-2.

## **STANDARD OF REVIEW**

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] If, however, "the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl.*

---

[1] Neither party disputes that venue is proper under 28 U.S.C. § 1391 in either Minnesota or New Jersey. The Court agrees. *See Rogovsky Enter., Inc. v. MasterBrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1040 (D. Minn. 2015) (explaining requirement that a court determine proper venue before transferring).

*Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013).

In deciding whether to transfer to the preselected forum, "the plaintiff's choice of forum merits no weight" and the Court may not "consider arguments about the parties' private interests." *Id.* at 581-82. Rather, the Court "may consider arguments about public-interest factors only." *Id.* at 582. Those factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 582 n.6 (citation omitted). But "[b]ecause those [public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. Although such cases are "conceivable," they "will not be common." *Id.*

The plaintiff bears the burden of establishing public-interest factors amounting to the "extraordinary circumstances" required to deny the transfer. *Id.*

## DISCUSSION

TLE Marketing does not oppose the motion to transfer by arguing that the forum-selection clause is invalid. *See M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (explaining that forum-selection clauses are "invalid for reasons such as fraud or overreaching"). Instead, it argues that the clause is unenforceable as against Minnesota public policy.

To prove this, TLE Marketing relies on Minn. Stat. § 325E.37, which is the source of some of TLE Marketing's claims against WBM. The statute states:

3

> (a) No manufacturer, wholesaler, assembler, or importer shall circumvent compliance with this section by including in a sales representative agreement a term or provision, whether express or implied, that includes or purports to include: (1) an application or choice of law of any other state; or (2) a waiver of any provision of this section.
> (b) Any term or provision described in paragraph (a) is void and unenforceable.

Minn. Stat. § 325E.37, subd. 7. TLE Marketing maintains that the above language "renders void not only 'choice of law' contract provisions" in sales representative contracts, "but any contract term 'express or implied' which either circumvents or is contrary to any provision of the Act." TLE Marketing Br. 1-2. The forum-selection clause, TLE Marketing insists, is contrary to Minn. Stat. § 325E.37 and, therefore, is "void and unenforceable." *Id.* at 10.

TLE Marketing appears to concede that neither the statute nor judicial interpretations of the statute clearly bar forum-selection clauses in sales representative contracts. *See id.* at 10-11 (stating that "no court has yet rendered an opinion regarding the scope of the [statute's] anti-waiver provision or the question presented by this motion"). TLE Marketing nevertheless raises two arguments that forum-selection clauses conflict with the statute and, by extension, a Minnesota public policy. The Court considers each in turn.

First, TLE Marketing chronicles the history of amendments to Minn. Stat. § 325E.37. It contends the amendments demonstrate that the Minnesota legislature "has annunciated a public policy in favor of affording significant statutory protection to commissioned independent sales representatives." *Id.* at 9-10. It then explains that the statute allows a sales representative to choose between pursuing claims in arbitration or

4

in a court of law. *Id.* at 10 (citing Minn. Stat. § 325E.37, subd. 5). From this, it concludes: "Implicit in this statutory mandate is the sales representative's right, as a matter of public policy, to choose the location of that forum." *Id.* It also concludes "that this policy is superior to that general policy sustaining the enforcement of contractual venue provisions." *Id.*

The Court disagrees. Minn. Stat. § 325E.37 says nothing about forum-selection clauses or venue, explicitly or implicitly. It prohibits only "choice of law" clauses and "waiver[s] of any provision of this section," and no provision of this section relates to forum-selection clauses or venue. Minn. Stat. § 325E.37, subd. 7. *See also Ferguson-Keller Assocs., Inc. v. Plano Molding Co., LLC*, No. 17-1713, 2017 WL 3578703 (D. Minn. Aug. 8, 2017) (transferring action concerning Minn. Stat. § 325E.37, the same statute at issue here, because the underlying contract contained a valid forum-selection clause). Although TLE Marketing correctly explains that Minn. Stat. § 325E.37 reveals a legislative intent to protect sales representatives, there is no evidence that this intent extends to forum-selection clauses. As a result, there is no reason for the Court to conclude, based on the statute itself, that the forum-selection clause in the contract between WBM and TLE Marketing conflicts with a Minnesota public policy.

Second, TLE Marketing cites decisions from jurisdictions outside Minnesota to argue that a Minnesota public policy prohibits forum-selection clauses in sales representative contracts. Specifically, TLE Marketing cites a decision from a state court in Illinois, a decision from a state court in New Jersey, and three decisions from federal district courts in Wisconsin. TLE Marketing Br. 11-15. The cited decisions construe

5

statutes from those jurisdictions as announcing public policies against enforcement of forum-selection clauses.  TLE Marketing argues that the statutes at issue in those cases are similar to Minn. Stat. § 325E.37 and, therefore, this Court should follow the reasoning in the cited decisions to conclude that Minn. Stat. § 325E.37 reflects a Minnesota public policy against enforcement of forum-selection clauses in sales representative contracts.  *Id.*

Again, the Court disagrees. There is no reason to conclude, based on the cited decisions from Illinois, New Jersey, and Wisconsin, that Minn. Stat. § 325E.37 creates a Minnesota public policy barring forum-selection clauses in sale representative contracts.  The cited decisions are not binding on this Court.  And at any rate, all the cited decisions predate the Supreme Court's announcement in *Atlantic Marine* of the exacting showing required to overcome a valid forum-selection clause.  134 S. Ct. at 581-82 (stating that refusal to transfer to preselected venue is uncommon and warranted only in "extraordinary circumstances," when "exceptional factors appear to be present").  What is more, subsequent decisions in Illinois, New Jersey, and Wisconsin have either questioned or rejected most of the decisions to which TLE Marketing cites.  *See* WBM Reply 6-10, ECF No. 21.

For the above reasons, the Court finds that TLE Marketing failed to meet its heavy burden of showing an "extraordinary circumstance" that justifies rejecting the forum-selection clause for which it contracted.  Therefore, IT IS ORDERED THAT:

1. Defendant WBM's motion to transfer venue [ECF No. 7] is GRANTED.

2. This action is TRANSFERRED to the United States District Court for the District of New Jersey.

3. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer.

Dated: November 16, 2017

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge